Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)
Aaron M. Frankel, Esq. (AMF-9348)
Heather J. Chase, Esq. (HJC-6756)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Plaintiff,
Advance Magazine Publishers Inc.
d/b/a The Condé Nast Publications

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE CONDÉ NAST PUBLICATIONS, | : : : |
| Plaintiff, | : : |
| v. | : : |
| ACTIV8NOW, LLC and ACTIVE8MEDIA, LLC, | : : : |
| Defendants. | : : : |

CIVIL ACTION NO.:

05-CV-7516 (AKH)

---

**PLAINTIFF'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIM**

As and for its Answer to Defendants' November 19, 2010 Amended Counterclaim and Jury Demand (the "Amended Counterclaim"), Plaintiff Advance Magazine Publishers Inc. ("Condé Nast") responds as follows:

1. Condé Nast admits the allegations of Paragraph 1 of the Amended Counterclaim as of the original filing of this action, but is unaware of the current status of Activ8now and therefore denies same.

2. Condé Nast admits the allegations of Paragraph 2 of the Amended Counterclaim as of the original filing of this action, but is unaware of the current status of Active8media and therefore denies same.

3. Condé Nast admits the allegations of Paragraph 3 of the Amended Counterclaim as referring to Advance Magazine Publishers Inc.

4. Condé Nast admits the allegations of Paragraph 4 of the Amended Counterclaim.

5. Condé Nast admits the allegations of Paragraph 5 of the Amended Counterclaim.

6. Condé Nast admits the allegations of Paragraph 6 of the Amended Counterclaim as of the original filing of this action, but is unaware of the current status of Active8 and therefore denies same.

7. Condé Nast admits the allegations of Paragraph 7 of the Amended Counterclaim as of the original filing of this action, but is unaware of the current status of Active8 and therefore denies same.

8. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Counterclaim, and therefore denies same.

9. Condé Nast admits the allegations of Paragraph 9 of the Amended Counterclaim based on the representation of Active8.

- 2 -

10. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Counterclaim, and therefore denies same.

11. Condé Nast admits that in early 2004 Active8 began having discussions with Vogue Magazine, a Condé Nast publication, about the possibility of providing services on behalf of Condé Nast in connection with launching an interactive website for Vogue Magazine's upcoming September 2004 issue. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Amended Counterclaim, and therefore denies same.

12. Condé Nast admits the allegations of Paragraph 12 of the Amended Counterclaim.

13. Condé Nast admits the allegations of Paragraph 13 of the Amended Counterclaim.

14. With respect to Paragraph 14 of the Amended Counterclaim, Condé Nast responds that the Publisher Agreement speaks for itself, and all mischaracterizations and implications thereof are hereby rejected and denied.

15. Condé Nast admits the allegations of Paragraph 15 of the Amended Counterclaim.

16. Condé Nast is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Counterclaim, and therefore denies same.

17. Condé Nast admits the allegations of Paragraph 17 of the Amended Counterclaim.

KL3 2807995.1

18. Condé Nast admits the allegations of Paragraph 18 of the Amended Counterclaim.

19. Condé Nast admits the allegations of Paragraph 19 of the Amended Counterclaim.

20. With respect to Paragraph 20 of the Amended Counterclaim, Condé Nast responds that the Fashion Week Daily article speaks for itself, and all mischaracterizations and implications thereof by Active8 or in the article itself are hereby rejected and denied.

21. With respect to Paragraph 21 of the Amended Counterclaim, Condé Nast responds that the Women's Wear Daily article speaks for itself, and all mischaracterizations and implications thereof by Active8 or in the article are hereby rejected and denied.

22. With respect to Paragraph 22 of the Amended Counterclaim, Condé Nast responds that the press release speaks for itself and all mischaracterizations and implications thereof by Active8 or in the press release are hereby rejected and denied.

23. With respect to Paragraph 23 of the Amended Counterclaim, Condé Nast (i) admits that Mr. Florio appeared on CNBC to discuss the September 2004 issue of Vogue Magazine, and (ii) further responds that the videotape and transcript of the appearance speak for themselves and Active8's mischaracterizations and the implications thereof are hereby rejected and denied.

24. With respect to Paragraph 24 of the Amended Counterclaim, Condé Nast responds that the Washington Post article speaks for itself, and all mischaracterizations and implications thereof by Active8 or in the article are hereby rejected and denied.

25. Condé Nast admits the allegation in Paragraph 25 of the Amended Counterclaim that it did not hide Active8's provision of services on behalf of Condé Nast in connection with the operation of the ShopSeptemberVogue.com program.  Condé Nast did, however, prohibit

- 4 -

Active8 from independently promoting its involvement in the ShopSeptemberVogue.com program prior to its official launch. Condé Nast rejects and denies the remaining allegations, mischaracterizations and implications in Paragraph 25 of the Amended Counterclaim, including without limitation that "Active8 was the firm behind the program."

26. Condé Nast admits the allegations of Paragraph 26 of the Amended Counterclaim.

27. Condé Nast admits the allegations of Paragraph 27 of the Amended Counterclaim, although certain provisions of the Publisher Agreement survived termination by their own terms.

28. Condé Nast admits that it was contacted by RichFX after the launch of ShopSeptemberVogue.com, that on or about August 27, 2004 RichFX requested a meeting and that RichFX characterized the subject of that meeting to be regarding "Technology Comparative." Condé Nast rejects and denies the remaining allegations, mischaracterizations and implications of Paragraph 28 of the Amended Counterclaim, including without limitation that RichFX was proposing to create "comparable interactive websites for the upcoming March 2005, September 2005, and December 2005 issues of Vogue."

29. Condé Nast admits the allegations of Paragraph 29 of the Amended Counterclaim.

30. Condé Nast admits the allegations of Paragraph 30 of the Amended Counterclaim.

31. Condé Nast admits the allegations of Paragraph 31 of the Amended Counterclaim.

32. Condé Nast admits the allegations of Paragraph 32 of the Amended Counterclaim.

33. Condé Nast admits the allegations of Paragraph 33 of the Amended Counterclaim with respect to the March 2005 issue of Vogue (i.e., that it advertised that Vogue's March 2005 website would have similar functionality to Vogue's September 2004 website), but rejects and denies all mischaracterizations and implications that it represented to its advertisers that the same vendor used to provide services in connection with Vogue's ShopSeptemberVogue.com website would be used to provide services in connection with Vogue's websites for the March, September and December 2005 issues of Vogue.

34. Condé Nast denies the allegations of Paragraph 34 of the Amended Counterclaim.

35. Condé Nast denies the allegations of Paragraph 35 of the Amended Counterclaim.

36. With respect to Paragraph 36 of the Amended Counterclaim, Condé Nast admits that it may have used a demo provided without restriction by Active8, but otherwise rejects and denies all mischaracterizations and implications thereof by Active8.

37. With respect to Paragraph 37 of the Amended Counterclaim, Condé Nast admits that it may have used an online archive provided without restriction by Active8, but otherwise rejects and denies all mischaracterizations and implications thereof by Active8.

38. Condé Nast admits that, pursuant to Active8's obligations under the Publisher Agreement, Active8 prepared reports for Vogue's advertisers that participated in the ShopSeptemberVogue.com program; that it was Active8 which elected to include "Active8media" in these reports; and that these reports were provided to advertisers as authorized by, and pursuant to Active8's obligations under, the Publisher Agreement. Condé Nast otherwise rejects and denies all mischaracterizations and implications by Active8 set forth in Paragraph 38 of the Amended Counterclaim.

39. Condé Nast denies the allegations in Paragraph 39 of the Amended Counterclaim.

40. Condé Nast admits that it created a PowerPoint presentation to show to advertisers for the March 2005 Vogue magazine issue that included a factually correct citation to "Active8" in fine print as the source for some data mentioned in the presentation, but otherwise rejects and denies all mischaracterizations and implications by Active8 set forth in Paragraph 40 of the Amended Counterclaim.

41. Condé Nast denies the allegations in Paragraph 41 of the Amended Counterclaim.

42. Condé Nast admits that it requested RichFX not to disclose to Vogue's advertisers the RichFX name until the launch of the March 2005 ShopVogue.com website. Condé Nast rejects and denies all mischaracterizations and implications by Active8 set forth in Paragraph 42 of the Amended Counterclaim, including without limitation any allegations incorporated from Paragraph 41 of the Amended Counterclaim.

43. Condé Nast admits the allegations in Paragraph 43 of the Amended Counterclaim, but rejects and denies all mischaracterizations and implications by Active8 that this was an unusual activity for RichFX or anyone else.

44. Condé Nast admits the allegations in Paragraph 44 of the Amended Counterclaim.

### Response to First Counterclaim

45. Condé Nast responds to Paragraph 45 of the Amended Counterclaim by incorporating by reference its responses to Paragraphs 1 through 44 of the Amended Counterclaim as though fully set forth herein.

KL3 2807995.1

46. Condé Nast denies the allegations in Paragraph 46 of the Amended Counterclaim.

47. Condé Nast denies the allegations in Paragraph 47 of the Amended Counterclaim.

48. Condé Nast denies the allegations in Paragraph 48 of the Amended Counterclaim.

49. Condé Nast denies the allegations in Paragraph 49 of the Amended Counterclaim.

50. Condé Nast denies the allegations in Paragraph 50 of the Amended Counterclaim.

51. Condé Nast denies the allegations in Paragraph 51 of the Amended Counterclaim.

52. Condé Nast denies the allegations in Paragraph 52 of the Amended Counterclaim.

### Denials, Defenses and Affirmative Defenses

53. Condé Nast denies each and every allegation, prayer, matter, fact or thing averred in the Amended Counterclaim not expressly admitted or otherwise responded to herein.

54. The Amended Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted, and therefore should be dismissed with prejudice.

55. Condé Nast's purported use of the Active8 and Active8media names as alleged in the Amended Counterclaim was authorized or permitted, in whole or in part, by actual, subsisting and/or implied license.

56. The Court has already granted summary judgment in favor of Condé Nast finding that allegations and actions relied upon by Active8 in its Amended Counterclaim do not

constitute unfair competition, and Active8 is, therefore, precluded from relying on these allegations and actions in support of its Amended Counterclaim based on res judicata, collateral estoppel and/or law of the case.

57.  Condé Nast's alleged use of "Active8" and "Active8media" constituted, in whole or in part, fair use, including, without limitation, nominative fair use, classic fair use, statutory fair use and/or descriptive fair use.

58.  Active8's First Counterclaim, in whole or in part, is precluded by the doctrines of laches, waiver, acquiescence, estoppel and/or estoppel by acquiescence.

59.  Active8's allegation that "Vogue's continued use of 'Active8' and 'Active8media' after its relationship had ended actually and proximately caused damages to Active8 in an amount to be proven at trial" and its prayers for recovery of "An award of damages in an amount to be proven at trial," "for all damages sustained by Active8 by reason of said continual use, pursuant to 15 U.S.C. § 1117(a)" and "An award of treble damages pursuant to 15 U.S.C. § 1117(a)" have been waived and are precluded by Active8's failure to disclose any basis for these claims during discovery, including in Active8's interrogatory responses, admissions and expert report on damages.

60.  There is no basis in fact or law for Active8's allegations of unfair competition and of willful deception.

61.  Active8's First Counterclaim is precluded to the extent it exceeds the limited scope authorized by the Court in the October 20, 2010 Summary Order Dismissing Counterclaims With Limited Leave to Replead, or during the hearing on Condé Nast's motion.

62.  Active8's claims, in whole or in part, are barred by the equitable doctrine of unclean hands.

63. Active8 failed to take reasonable and appropriate steps to mitigate the damages it claims to have incurred.

64. Condé Nast's alleged use of "Active8" and "Active8media" was authorized and in good faith.

Dated: New York, New York

December 15, 2010

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Randy Lipsitz

Randy Lipsitz, Esq. (RL-1526)
Richard L. Moss, Esq. (RLM-7948)
Aaron M. Frankel, Esq. (AMF-9348)
Heather J. Chase, Esq. (HJC-6756)
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
rlipsitz@kramerlevin.com
rmoss@kramerlevin.com
afrankel@kramerlevin.com
hchase@kramerlevin.com

Attorneys for Plaintiff
Advance Magazine Publishers Inc. d/b/a
The Condé Nast Publications

OF COUNSEL:

Jerry S. Birenz, Esq.
Michael J. Anderson, Esq.
SABIN, BERMANT & GOULD LLP
4 Times Square, 23rd Floor
New York, NY 10036-6526
Tel.: (212) 381-7000